```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  09/01/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                           :
HENRY LUCIFER BOONE,                                       :
                                                           :
                              Petitioner,                  :          13-CV-8603 (JMF)
                                                           :          02-CR-1185 (JMF)
             -v-                                           :
                                                           :          MEMORANDUM OPINION
UNITED STATES OF AMERICA,                                  :          AND ORDER
                                                           :
                              Respondent.                  :
                                                           :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

*Pro se* Petitioner Henry Boone, convicted of various offenses and currently serving a

sentence of 240 months' imprisonment, petitions pursuant to Title 28, United States Code, Section

2255 to "vacate, set aside or correct his sentence and judgment."  Petitioner argues that he is entitled

to relief because: (1) he is actually innocent; (2) his confession was coerced; (3) newly discovered

evidence calls the validity of his conviction into question; (4) the District Court erred in instructing

the jury on the Government's aiding-and-abetting theory; and (5) the evidence against him was

insufficient to sustain a guilty verdict.  (Docket Nos. 1, 12).  For the reasons explained below, the

Petition is denied in its entirety.

The relevant facts can be stated briefly.  On November 17, 2003, Petitioner was convicted

by a jury of (1) possession of crack cocaine with intent to distribute (or aiding and abetting the

same), *see* 21 U.S.C. §§ 812, 841(a), (b)(1)(C); (2) possession of a firearm in furtherance of a drug

trafficking offense (or aiding and abetting the same), *see* 18 U.S.C. § 924(c)(1)(A)(i); (3) possession

of a firearm with a defaced serial number (or aiding and abetting the same), *see* 18 U.S.C. § 922(k);

(4) possession of a firearm having previously been convicted of a felony, *see* 18 U.S.C. §§

922(g)(1), 924(e); and (5) possession of ammunition having previously been convicted of a felony,

*see* 18 U.S.C. §§ 922(g)(1), 924(e).  *See United States v. Boone*, No. 02-CR-1185 (RPP), 2004 WL 187151, at *1 (S.D.N.Y. Jan. 29, 2004) ("*New Trial Mot. Op.*").  Petitioner's conviction was based largely on evidence seized in connection with the search, pursuant to a search warrant, of his girlfriend's residence while he was present.  *See id.* at *7.  Among other things, an officer who participated in the search testified that, during the search, he observed slabs of cocaine being thrown out of the window of an apartment located on the same floor as Petitioner's girlfriend's apartment. *See id.* (*See also* Mot. To Vacate, Set Aside, or Correct Sentence Pursuant Title 28 U.S.C. § 2255 (Docket No. 1) ("*Pet.*") at 58).  Significantly, the Government also introduced a confession that Petitioner made to police on the day that he was arrested.  *See Boone v. United States*, No. 07-CV-5686 (RPP), 2008 WL 582347, at *1 (S.D.N.Y. Mar. 4, 2008) ("*First § 2255 Pet. Op.*").  (*See also* Pet. at 40).

After the jury returned a guilty verdict on all counts, Petitioner filed a motion for a judgment of acquittal, alleging insufficiency of the evidence.  By Opinion and Order entered January 29, 2004, the Honorable Robert P. Patterson, who had presided over trial, denied that motion.  *See New Trial Mot. Op.*, 2004 WL 187151, at *1.  Petitioner then filed a direct appeal, arguing insufficiency of the evidence, that the jury should not have been instructed on aiding and abetting, that counsel had been ineffective for failing to timely object to the aiding-and-abetting instruction, and that his sentence violated the Sixth Amendment.  (02-CR-1185, Docket No. 56).  The Second Circuit rejected all of Petitioner's arguments, except for the challenge to his sentence.  *See United States v. Boone*, 120 F. App'x 868, 870-71 (2d Cir. 2005) ("*Direct Appeal Op.*").  In June 2007, following resentencing, Petitioner filed a petition pursuant to Section 2255 (the "First Petition"), alleging that his convictions on the first two counts resulted from an unconstitutional amendment of the indictment, that the search that led to his arrest was unconstitutional, that his confession was coerced, that material evidence was suppressed in violation of his Fifth Amendment rights, and that

the Government committed prosecutorial misconduct. *See First § 2255 Pet. Op.*, 2008 WL 582347, at *1. The District Court denied that petition in its entirety as well. *See id.* Thereafter, following multiple amendments of the judgment (for reasons that are not relevant here), Petitioner filed the instant Petition.[1]

The Petition is without merit.[2] It is well established that a Section 2255 petition cannot be used to "relitigate" questions that were raised and considered on either direct appeal or in a previous Section 2255 petition. *See United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001); *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir. 1993), *superseded by statute on other grounds*. Nor may a Section 2255 petition be used to pursue claims that could have been raised in an earlier proceeding, but were not. *See, e.g.*, *id.* Here, substantially for the reasons explained in the Government's memorandum of law, almost all of Petitioner's claims are procedurally barred on those grounds. Petitioner's first claim, for example, is that he is actually innocent because he did not know about the firearm found in his girlfriend's apartment and because he was never found to have possessed

---

[1]     Although the Petition is technically Petitioner's second, it does not qualify as a "second or successive" petition within the meaning of Section 2255(h) because the judgment was amended after the First Petition. (No. 02-CR-1185, Docket No. 109). *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (stating in the context of a Section 2254 petition that "where . . . there is a new judgment intervening between the two habeas petitioners, an application challenging the resulting new judgment is not 'second or successive' at all" (internal quotation marks and citation omitted)); *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010) (applying *Magwood* to petitions brought pursuant to Section 2255 and holding that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless whether it challenges the conviction, the sentence, or both").

[2]     The Government's opposition was due on August 28, 2014, but — disturbingly — it was not filed until January 20, 2015 (and then only in the underlying criminal case rather than the civil case). (*See* Govt.'s Opp'n Def.'s Mot. Pursuant 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct His Sentence & J. (No. 02-CR-1185, Docket No. 118)). Nevertheless, "default judgment should not be granted for a habeas petitioner without a court first reaching the merits of the underlying claim." *Berry v. Woods*, No. 06-CV-4849 (NGG) (JMA), 2007 WL 2020190, at *1-2 (E.D.N.Y. July 6, 2007). Accordingly, the Court declines to enter default judgment against the Government (as Petitioner requested (*see* Docket No. 15)) or to disregard its memorandum. *See id.* at *1; *see also Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984).

cocaine (Pet. 3, 7), while his fifth claim is that his conviction under Title 18, United States Code, Section 924(c) for possession of a firearm in furtherance of a drug offense "created a gross miscarriage of justice" (Addendum § 2255 Mot. To Vacate, Set Aside, or Correct Sentence (Docket No. 12) ("Pet. Addendum") 2).   Although framed as actual innocence claims, those arguments are virtually identical to arguments he made on appeal challenging the sufficiency of the evidence admitted at trial.  *See Direct Appeal Op.*, 120 Fed. App'x at 870; Br. & App. Def.-Appellant Henry Boone, 2004 WL 4947037, at *33-34 ("Boone Appellate Br."); *see also First § 2255 Pet. Op.*, 2008 WL 582347, at *4 (noting that his claim for "constructive amendment" was "essentially a challenge to the sufficiency of the evidence" which had been previously rejected by the Second Circuit).[3]  The same is true with respect to Petitioner's claim that the District Court improperly instructed the jury on the Government's aiding-and-abetting theory of liability.  *See Direct Appeal Op.*, 120 F. App'x at 870; Boone Appellate Br., 2004 WL 4947037, at *22-29, *33-38.  Similarly, Petitioner's claim that his confession was coerced was raised unsuccessfully in both a pretrial motion to suppress and in the First Petition.  *See First § 2255 Pet. Op.*, 2008 WL 582347, at *5; *United States v. Boone*, No. 02-CR-1185 (RPP), 2003 WL 841088, at *4-5 (S.D.N.Y. Mar. 5, 2003).  Accordingly — with the arguable exception of Petitioner's claim regarding "newly discovered evidence," which the Court addresses below — all of Petitioner's claims are procedurally defaulted.

Nor can Petitioner overcome his procedural default.  In order to overcome a procedural default, a petitioner must generally show cause and prejudice.  *See, e.g.*, *Yick Man Mui* 614 F.3d at

---

[3]     Even if the Court were to consider Petitioner's first and fifth claims as freestanding actual innocence claims different from his previous challenges to the sufficiency of the evidence, it would still find them to be procedurally defaulted, as Petitioner has failed to show why he could not have raised that argument either on direct appeal or in his first habeas petition.  *See Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010).  And, in any event, to the extent a freestanding actual innocence claim is legally viable, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), both claims fail on the merits.  Given the overwhelming evidence against Petitioner, he has failed to meet the "extraordinarily high" burden that would be necessary for him to prevail on an actual innocence claim.  *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

54; *Campino v. United States*, 968 F.2d 187, 189-190 (2d Cir. 1992).  Alternatively, under the

Supreme Court's decision in *Schlup v. Delo*, 513 U.S. 298 (1995), a habeas petitioner's actual

innocence may excuse a procedural default in certain circumstances.  *See also House v. Bell*, 547

U.S. 518, 538-539 (2006) (construing *Schlup*).  Here, Petitioner does not even attempt to show

cause and prejudice with respect to most of his claims.  Instead, the Petition could be construed to

invoke *Schlup* insofar as it asserts Petitioner's actual innocence.  (*See* Mem. Law (Docket No. 2)

("Pet.'r's Mem.") 67).  Under *Schlup*, however, actual innocence excuses a procedural default only

when a petitioner comes forward with new evidence and, in light of that new evidence, "it is more

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt."  *Schlup*, 513 U.S. at 237; *see also House*, 547 U.S. 536-37.  Petitioner falls far short of

meeting that exacting standard.  First, putting aside the claim discussed below (which arguably does

not qualify in itself), Petitioner does not point to any new evidence.  Second, nothing in the Petition

calls the validity of the jury's verdict into question, particularly in light of Petitioner's confession.

As noted, Petitioner makes one claim that is arguably not procedurally defaulted: his claim

based on "newly discovered" evidence, namely, "documents that proved that [his] trial counsel . . .

knew the firearm [for] which [he] was being charged wasn't [his]."  (Pet. 3).  The allegedly new

evidence consists of an e-mail from Petitioner's trial counsel to members of the trial team stating

that counsel had spoken with Petitioner's girlfriend, Shakeema Lopez, who had said that the gun

was hers.  (Pet. 60).  According to the e-mail, she had told the lawyer that she had purchased the

gun to protect herself against her daughter's father, Jeffrey Lowe, against whom Lopez said she had

previously obtained an order of protection.  (*Id.*).  Petitioner also found (1) a subpoena issued to

Lopez requiring her to bring copies of any orders of protection that she had obtained against Lowe;

(2) a subpoena issued to the family court for the same; and (3) a copy of a response from the family

court stating that, although Lopez had filed an application for an order of protection against Lowe in

1996, it had been dismissed for non-appearance, and that Lowe had acquired an order of protection against Lopez. (*Id.* at 61-65). Finally, Petitioner alleges that someone had called Lopez before trial and told her that if she "testif[ied] on [his] behalf that she [would] go to jail." (*Id.* at 59). He argues that the allegedly newly discovered e-mail, in which counsel states that Lopez was "unlikely to be a witness for [Petitioner] (because she would be incriminating herself)," demonstrates that the call was made by defense counsel. (*Id.*; *see also* Pet.'r's Mem. 68 (stating that "[t]rial counsel and associates threatened [Lopez] with criminal charges if she testified on [his] behalf")).

To the extent that Petitioner frames his argument as one of actual innocence, it fails, both because the evidence is not "newly" discovered insofar as it was known to counsel at the time of trial, *see Roman v. United States*, No. 09-CV-7942 (GEL), 2010 WL 3825738, at *2 (S.D.N.Y. Sept. 29, 2010) (holding that evidence that had been previously provided to defense counsel was "not new evidence in any sense of the word"), and because the evidence falls far short of casting doubt on Petitioner's conviction, *see Herrera*, 506 U.S. at 417 (assuming *arguendo* that actual innocence could provide grounds for relief in capital cases, but noting that the petitioner would have to make a "truly persuasive demonstration" of his innocence). To the extent that Petitioner frames the argument as one of ineffective assistance of counsel, it also fails. First, Petitioner offers nothing more than speculation that counsel was the person who allegedly called Lopez and told her not to testify. *See, e.g.*, *McNally v. O'Flynn*, 10-CV-00921 (MAT), 2012 WL 3230439, at *2 (W.D.N.Y. 2012) (dismissing a habeas petition containing claims that were "either vague and conclusory, based on opinion and speculation, or . . . not germane"); *Angel v. Garvin*, 98-CV-5384 (LTS), 2001 WL 327150, at *8 (S.D.N.Y. Apr. 3, 2001) (denying a habeas petition when there was nothing in the record to support the petitioner's contentions that counsel had been ineffective). Second, Petitioner can show neither that counsel's performance "fell below an objective standard of reasonableness" nor that it caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694-95 (1984). The

very documents that Petitioner submits with his Petition demonstrate that counsel tried to obtain a copy of the supposed protective order, but found no evidence that such an order had ever existed. And in any event, as discussed above, the evidence against Petitioner was overwhelming. Accordingly, Petitioner cannot show that, but for counsel's alleged errors, there is a reasonable probability that the outcome of the trial would have been different.

For the foregoing reasons, the Petition is DENIED and DISMISSED.  As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate No. 02-CR-1185, Docket No. 115, to close No. 13-CV-08603, and to mail a copy of this Memorandum Opinion and Order to Petitioner.


SO ORDERED.

Date:   September 1, 2015
        New York, New York

_____
JESSE M. FURMAN
United States District Judge