```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
HENRY LUCIFER BOONE,                                                    :
                                                                        :
                              Petitioner,                               :       02-CR-1185 (JMF)
                                                                        :       13-CV-8603 (JMF)
         -v-                                                            :
                                                                        :       MEMORANDUM OPINION
UNITED STATES OF AMERICA,                                               :           AND ORDER
                                                                        :
                              Respondent.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In a Memorandum Opinion and Order entered on January 30, 2017, the Court indicated that it was "inclined to deny Petitioner's Section 2255 motion on the ground that it is bound by the holding in *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995), that robbery is a 'crime of violence' within the meaning of the Armed Career Criminal Act ('ACCA'), 18 U.S.C. § 924(e), unless and until the Second Circuit itself holds otherwise." (Docket No. 135 ("Opinion"), at 1). The Court acknowledged "that *Johnson v. United States*, 559 U.S. 133 (2010) ('*2010 Johnson*'), cast[] some doubt on the continuing validity of *Brown* and similar cases," but ultimately concluded that it was the Circuit's, not a district court's, prerogative to determine if *Brown* is no longer good law. (Opinion 1-3). At the parties' request, however, the Court agreed to stay the case pending a decision by the Circuit in *United States v. Jones*, No. 15-1518 (2d Cir.), on the theory that the Court could more easily and quickly "act on any change in the law without the need to await a remand from the Second Circuit." (Opinion 4; *see* Docket Nos. 136-137).

On September 11, 2017, the Second Circuit decided *Jones*, holding — in light of *Beckles v. United States*, — U.S. —, 137 S.Ct. 886 (2017) — that "New York first-degree robbery categorically qualifies as a crime of violence under the residual clause" of the career offender

provisions of the United States Sentencing Guidelines. *United States v. Jones*, — F.3d —, No. 15-1518-CR, 2017 WL 3974269, at *1 (2d Cir. Sept. 11, 2017). In contrast to its earlier decision in the case, *see United States v. Jones*, No. 15-1518, slip op. at 14-16 (2d Cir. July 21, 2016), which was vacated after the Supreme Court granted *certiorari* in *Beckles*, the Circuit did not address the question of whether robbery under New York law is "no longer categorically a crime of violence under the force clause" of the Guidelines (which is identical to the "force clause" of ACCA). 2017 WL 3974269, at *1. Nor, obviously, did the Circuit address the soundness of *Brown* and the other precedent cited in this Court's January 30, 2017 Memorandum Opinion and Order.

Despite the foregoing, Boone asks the Court to reconsider its initial inclination on the ground that the Circuit's decision in *Jones* "makes it plain that *2010 Johnson* has in fact altered previous Second Circuit law on the topic." (Docket No. 139, at 1). In support of that argument, Boone cites a portion of Judge Calabresi's concurring opinion, which was joined by Judge Hall. (*See id.* at 2 (citing *Jones*, 2017 WL 3974269, at *8 & n.3)). But whether or not Judge Calabresi's discussion (most of which is relegated to a lengthy footnote) supports Boone's argument as a substantive matter — the Government contends that it does not (*see* Docket No. 141) — his discussion was obviously not necessary to the Court's unanimous holding and thus, by definition, *dictum*. In light of that, the Court is compelled to conclude that, for Boone's purposes, the state of Second Circuit law remains the same as it was when the Court issued its January 30, 2017 Memorandum Opinion and Order and, thus, calls for denial of his motion.[1]

---

[1] Boone also cites Judge Oetken's recent decision in *Buie v. United States*, No. 05-CR-664 (RCC), 15-CV-3945 (JPO), 2017 WL 3995597, at *8 (S.D.N.Y. Sept. 8, 2017), which held that "New York first-degree robbery" is no longer "a categorically violent felony" in light of *2010 Johnson*. (Docket No. 139, at 2). As thoughtful — indeed persuasive — as Judge Oetken's opinion is, it does not confront the limited role of a district court in evaluating the soundness of Circuit precedent (or acknowledge the many relevant, albeit unpublished, Circuit decisions that post-date *2010 Johnson* cited in this Court's January 30, 2017 Memorandum Opinion and Order). Significantly, Judge Oetken himself notes that "at least one judge in this district" has concluded that the Circuit's precedent holding "that the various degrees of New York robbery are predicate

In the alternative, Boone asks this Court to "maintain the stay" (Docket No. 139, at 1), a request that the Government does not oppose. (Docket No. 141, at 3). The Court, however, sees no basis to defer its ruling any longer. The Court's earlier stay was based on the fact that *Jones* was under active consideration by the Circuit and could imminently change the law in a way that would affect the outcome of Boone's case. That is no longer true, and neither party cites a pending appeal that raises the issues relevant to Boone's case. Instead of delaying a decision based on the abstract possibility of "further developments in this area of the law" (Docket No. 141, at 1), it makes more sense to deny Boone's motion and grant him a certificate of appealability so that he can swiftly present his arguments to the one and only audience (short of the Supreme Court or Congress) that can grant him the relief he seeks: the Second Circuit. *See Massey*, 2017 WL 2242971, at *4 ("Weighing the controlling case law against the apparent uncertainty regarding the effect of Johnson I on sentence enhancements predicated upon third-degree robbery convictions, this Court concludes that the most prudent course of action is to deny Massey's petition but issue a certificate of appealability.").[2]

---

felonies under the ACCA" remains good law. 2017 WL 3995597, at *8 (citing *Massey v. United States*, No. 03-CR-0938, 2017 WL 2242971, at *3 (S.D.N.Y. May 22, 2017)). That fact alone makes it hard to say that "the Second Circuit or the Supreme Court is 'all but certain' to overrule *Brown* and similar cases." (Opinion 2 (quoting *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004)).

[2] As the Court suggested in its January 30, 2017 Memorandum Opinion and Order, it is not obvious that Boone would be entitled to a certificate of appealability "insofar as *2010 Johnson* did not decide an issue of 'constitutional' law." (Opinion 3-4). Unfortunately, although the Court directed the parties to brief "the question of whether the Court should grant a certificate of appealability in the event that it denies the motion" (*id.* at 4), neither party did so. In any event, the Court concludes that it can issue a certificate of appealability because Boone's claim relies in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*2015 Johnson*"). As Judge Oetken reasoned with respect to a nearly identical "type of hybrid *2010/2015 Johnson* habeas claim," the claim "relies, at least in part, on the new constitutional rule announced in *2015 Johnson*." *Buie*, 2017 WL 3995597, at *2-3 (holding that the petitioner's claim was not procedurally barred because it relied in part on *2015 Johnson*, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

Accordingly, Boone's motion is DENIED, but he is granted both a certificate of appealability and leave to appeal *in forma pauperis*. *See* 28 U.S.C. §§ 1915(a), 2253. The Clerk of Court is directed to terminate Docket Nos. 139 and 141.

SO ORDERED.

Date: September 19, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge